**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| NAMIKO CHEN,<br>Plaintiff,<br><br>v.<br><br>YAMA FUJI, INC.,<br>Defendant, | ) | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Namiko Chen ("Plaintiff"), by her undersigned attorney, for her complaint against the defendant Yama Fuji, Inc. ("Defendant") and alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq.*

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

**PARTIES**

3. Plaintiff is an individual doing business as a professional photographer in Belmont, California.

4. Upon information and belief, Defendant owns and operates a business at 74 Main Street, Unit 8, Medway, Massachusetts 02053 and may be served with process through Chong Can Lin at 74 Main Street, Medway, Massachusetts 02053.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in and committing torts in the Commonwealth, including without limitation Defendant's copyright infringement, which causes harm in this Commonwealth and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business

8. Plaintiff is the creative force behind the business Just One Cookbook ("JOC"), a digital media and e-commerce business focused on Japanese home cooking, Japanese food culture, and related products. It was founded in 2011 by Plaintiff and her husband. What started as a personal recipe blog has grown into, arguably, the internet's largest English-language Japanese recipe website.

9. Plaintiff is the original author of the photographic image at issue in this litigation (the "Copyrighted Work"), a copy of which is depicted here:



10. As the original author, Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

11. On September 29, 2020, Plaintiff obtained a certificate of registration for the Copyrighted Work from the United States Copyright Office, Registration Number VA 2-148-466.

12. Plaintiff owns, and has always owned, all rights, title, and interests, including copyrights, in and to the Copyrighted Work.

**B. Defendant's Unlawful Activities**

13. Upon information and belief, Defendant owns, operates, or participates in the operation of the website located at the URL http://www.yamafujimassdining.com ("Defendant's Website") where it use high quality photographic images of food to promote its restaurant business.

14. Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at numerous URLs at Defendant's Website, one screenshot of which is depicted here:




**URL:** http://www.yamafujimassdining.com/
**Screenshot Taken:** 2026-09-01 23:45 (Europe/Budapest) **Case ID:** CAS-136141 **URL ID:** UID-01091364 **IP Addresses:** Client "89.134.3.248" contacted server "www.yamafujimassdining.com" at "47.90.223.226".

15. Upon information and belief, Defendant is responsible for the infringement of Plaintiff's copyrights at Defendant's Websites.

16. Upon information and belief, Defendant, or someone working on its behalf, located the Copyrighted Work at the JOC website and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant and then uploaded the Copyrighted Work to the Defendant's Website, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unauthorized derivative works, and publicly displaying the Copyrighted Work.

17. The reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work at Defendant's Website is and always has been without Plaintiff's authorization.

18. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful because Defendant's commercial use of Plaintiff's copyrights evinces a reckless disregard of Plaintiff's copyrights.

19. Defendant's unauthorized reproduction, distribution, derivation, and public display

of Plaintiff's Copyrighted Works are knowing and willful because Defendant shows an understanding of copyright laws when it uses the following notice: "Copyright 2019-2020 Yama Fuji Restaurant All Right Reserved," knows it needs permission to use the copyrighted content of others, yet uses the Copyrighted Work without authorization.

20. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful because Defendant is willfully blind to its infringing conduct..

21. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful because Defendant was willfully blind to the risk of infringement.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

22. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Work is Plaintiff's original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24. By Defendant's actions, as alleged above, the Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of a derivative work, and publicly displaying the Copyrighted Work.

25. Upon information and belief, the infringement by Defendant is willful and deliberate and he has profited at the expense of Plaintiff.

26. As a direct and proximate result of the infringement of Plaintiff's exclusive copyrights in the Copyrighted Work by Defendant, Plaintiff is entitled to recover his actual

damages, pursuant to 17 U.S.C. § 504(b), resulting from the uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

27. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

28. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, derivation, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

29. Plaintiff is entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

30. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyrighted Work;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff her costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any Work derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity;

8. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

10. Permanently enjoining Defendant, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any Work derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and,

11. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 30, 2026

Respectfully submitted,

/s/ *R. Terry Parker*

R. Terry Parker, Esquire (BBO No. 569008)
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorneys for Plaintiff*
*Namiko Chen*